O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1944 AHM (JCx) | Date | March 11, 2011 |
|---|---|---|---|
| Title | POR VIDA PRODUCTIONS, LLC, et al. v. CHRISTOPHER HARRISON, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On March 7, 2011, Plaintiffs filed this action based on diversity jurisdiction under 28 U.S.C. § 1332. Complaint ¶ 1. However, diversity jurisdiction is not evident from the face of the Complaint.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A "corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." *Id.* at 1332(c)(1).

In this case, Plaintiffs do not allege any of the non-entity parties' citizenship, including their own. Rather, they allege the state wherein each non-entity party resides. This is not sufficient to establish citizenship for diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Thus, Plaintiffs' allegations do not conclusively establish diversity jurisdiction.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1944 AHM (JCx) | Date | March 11, 2011 |
|---|---|---|---|
| Title | POR VIDA PRODUCTIONS, LLC, et al. v. CHRISTOPHER HARRISON, et al. | | |

   Accordingly, and good cause appearing therefor, the Court hereby ORDERS Plaintiffs TO SHOW CAUSE on or before March 24, 2011, why this action should not be dismissed for lack of diversity jurisdiction.

   Failure to respond on or before that date will be construed as consent to dismissal.

|  | : |
|---|---|
| Initials of Preparer | SMO |