O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POR VIDA PRODUCTIONS, LLC; DFL RELEASING LLC; ALAN JACOBS; SCOTT WILLIAM ALVAREZ,<br><br>    Plaintiffs,<br><br> v.<br><br>CHRISTOPHER HARRISON; DARRICK ROBINSON; TRINA CALDERON,<br><br>    Defendants.<br>_____ | Case No. CV 11-01944 DDP (JCx)<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION PLAINTIFFS' COUNSEL |

  The Court orders Plaintiffs' Counsel Eugene R. Grace to show cause why he should not be sanctioned for filing a late opposition brief to Defendants' Motion for Summary Judgment ("Motion").

  On Monday, March 18, 2013, Defendants filed their Motion. (Docket No. 53.) Local Rule 7-9 required Plaintiffs to submit their opposition at least 21 days before the Motion's hearing, which is set for Monday, April 15, 2013. Twenty-one days before

///

this date was Monday, March 25.  Plaintiffs' opposition was filed at 6:02pm on Friday, March 29.  (Docket No. 60; Susman Decl. ¶ 2, Docket No. 61-1.)   Local Rule 7-10 required Defendants' reply brief to be filed on Monday April 1, fourteen days before the hearing.  Mr. Grace's delay prejudiced Defendants' counsel because he had to prepare a reply brief over the weekend and during a planned family vacation to Hawaii, where he did not have "full access to [his] law firm's resources. (Susman Decl. ¶ 3.) Defendants' counsel could not assume that the Court would grant a continuance for this reply brief because such a request would not have been reviewed until April 1 at the earliest, the day that the brief was due.  Mr. Grace did not explain the opposition brief's delay.

Local Rule 7-13 provides for sanctions against parties that file late documents: "A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P."  Local Rule 83-7 also states:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

///

The Court will hear arguments on sanctions on Monday, April 15, the same day that argument is set for Defendants' Motion.

IT IS SO ORDERED.

Dated: April 3, 2013

DEAN D. PREGERSON
United States District Judge