O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POR VIDA PRODUCTIONS, LLC; DFL RELEASING LLC; ALAN JACOBS; SCOTT WILLIAM ALVAREZ,<br><br>           Plaintiffs,<br><br>   v.<br><br>CHRISTOPHER HARRISON; DARRICK ROBINSON; TRINA CALDERON,<br><br>           Defendants. | Case No. CV 11-01944 DDP (JCx)<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATIONS TO STRIKE PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS IN LIMINE<br><br>Docket Nos. 99, 100 |

    Defendants have filed an Ex Parte Application to Strike Plaintiffs' Oppositions to Defendants' Motions in Limine and an amended version of that Ex Parte Application (the "Applications"). Docket Nos. 99, 100. The Applications argue that Plaintiffs' Oppositions to Defendants' Motions in Limine were filed late, in violation of Central District Local Rule 7-9, which requires an opposition to be filed at least twenty-one days before the hearing. Defendants ask for sanctions and for Plaintiffs' Opposition to be stricken.

///

There is a separate issue as to whether the Local Rules' briefing deadlines apply to motions in limine. The parties have not addressed this issue. The Court notes that these briefing deadlines are frequently not applied to motions in limine.

Additionally, Defendants have not cited any cases in which a court struck an opposition to a motion in limine for failure to follow Local Rule 7-9. The Court's own research indicates that the few cases that have discussed the Local Rules' briefing deadlines in the motion in limine context have not strictly adhered to those deadlines. See Allen v. City of Los Angeles, CV 10-4695 CAS RCX, 2012 WL 1641712, at * 1 n.2 (C.D. Cal. May 7, 2012) ("Plaintiff objects to defendants' motions in limine on the grounds that defendants failed to . . . file their motions in a manner that would afford plaintiff sufficient time to file her opposition as required by Local Rule 7-9. While the Court admonishes defendants to follow all local rules, the Court does not believe that their failure to do so requires denial of their motions in this instance."); Estate of Gonzales v. Hickman, 05-660 MMM (RCX), 2007 WL 3237727, at * 14 (C.D. Cal. May 30, 2007). The case Defendants cite in favor of striking Plaintiff's Opposition, Metzger v. Hussman, 682 F. Supp. 1109 (D. Nev. 1988), concerned a motion to dismiss, not a motions in limine.

For these reasons, the Applications are DENIED.

IT IS SO ORDERED.

Dated: June 12, 2013

DEAN D. PREGERSON
United States District Judge

2